**Benjamin ADAMS, Petitioner–Appellant,**

v.

**Midge CARROLL, Warden, Respondent–Appellee.**

No. 88–5631.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 1989.*

Decided May 30, 1989.

---

* The panel finds this case appropriate for submission *without oral argument pursuant to Ninth* Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Benjamin Adams, San Luis Obispo, Cal., pro per.

Lauren E. Dana, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before FLETCHER and KOZINSKI, Circuit Judges, and MUECKE,** Senior District Judge.

KOZINSKI, Circuit Judge:

■ A criminal defendant's assertion of his sixth amendment right to self-representation must be knowing and intelligent, *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), timely and not for the purpose of delay, *United States v. Smith*, 780 F.2d 810, 811 (9th Cir.1986) (per curiam), and unequivocal, *Armant v. Marquez*, 772 F.2d 552, 555 (9th Cir.1985), *cert. denied*, 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 902 (1986). This case presents a question concerning the last of these requirements: Is a request to proceed without counsel unequivocal where the defendant consistently wishes to invoke the right only as an alternative to the appointment of a particular defense attorney? We hold that it is.

I

On June 28, 1983, Benjamin Adams was charged with robbery, attempted robbery and kidnapping for the purpose of robbery. Los Angeles County Deputy Public Defender Dennis Carroll was appointed to represent Adams, who pleaded not guilty.

The relationship between Adams and Carroll deteriorated quickly. On September 14, citing a "lack of trust and communication with Mr. Carroll," and accusing Carroll of incompetent representation at his preliminary hearing, Adams requested the appointment of a different attorney. "If I can't have another lawyer," Adams stated, "I will have to go pro per." The court informed Adams that he had not shown cause for the substitution of counsel, but that the court would permit him to represent himself. After discussing the perils of self-representation at great length, and ensuring that Adams' decision was knowing and intelligent, the court granted his request to proceed without the assistance of counsel.

After six weeks of representing himself, during which time Adams filed, argued and lost motions to suppress evidence and reduce bail, Adams once again requested the appointment of any attorney other than Carroll. This request was denied. Three weeks later, on November 23, 1983, Adams requested the appointment of co-counsel. This request was denied as well.

On January 18, 1984, Adams announced that he had filed a malpractice suit against Carroll, and renewed his request for the appointment of defense counsel other than Carroll. He explained:

Mr. Carroll would not file any motions, he wouldn't represent me properly. I explained to the judge that it was a lack of trust and communication with Mr. Carroll, and I—you can see all the motions that I am filing now, I had to do this myself. Mr. Carroll wouldn't do this, Mr. Carroll came to me with a 13-year [suggested plea bargain], either take that or that was it.

. . . .

Just like I have said before, I have never wanted to be pro per in this case, I am not a lawyer, I am a ninth grade dropout, but I have enough knowledge about the law since I have been pro per to know what have [sic] been done in this case, all my rights have been violated. The lawyer wouldn't do anything, Mr. Carroll wouldn't do anything.

The court granted Adams' motion and reappointed the Public Defender's office. Adams again specified that he desired the assistance of any representative of the Public Defender's office other than Carroll.

** The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation.

To Adams' evident astonishment, the Public Defender's office promptly reassigned Carroll to the case. Adams again objected, at hearings on January 19, January 27, January 30 and February 27. At each of these hearings, Adams asked to represent himself, each time making clear that, although he did not consider himself competent to proceed without counsel, he would rather do so than be represented by Carroll. Each request was denied, based on Adams' admission of his own incompetence. The following colloquy, from the February 27 hearing, is typical:

> THE COURT: Did you tell me, sir[,] that you felt at one time that you were not able to represent yourself?
>
> THE DEFENDANT: Yes, of course, I filed a motion asking for private counsel.
>
> THE COURT: Are you making a motion now for self representation?
>
> THE DEFENDANT: If you don't appoint me another counsel, yes, of course.
>
> THE COURT: The motion is denied, sir.
>
> THE DEFENDANT: May I also have one other item on the record—
>
> THE COURT: The reason I am doing it is you have told me once you can't represent yourself.

The case proceeded to trial with Carroll as defense counsel. Adams was convicted on all counts. His conviction was affirmed on appeal. *People v. Adams*, 175 Cal.App.3d 855, 221 Cal.Rptr. 298 (1985).[1] The California Supreme Court denied review. *People v. Adams*, No. B005186 (Cal. Apr. 17, 1986).

Adams filed a pro se federal habeas corpus petition pursuant to 28 U.S.C. § 2254 (1982). He raised three claims of error: (1) denial of the right to self-representation; (2) denial of effective assistance of counsel; and (3) denial of due process of law, occasioned when the trial judge reviewed Adams' malpractice suit against Carroll and engaged in ex parte communication with defense attorneys regarding the apparent popularity of such suits by inmates of the Los Angeles County Jail. The district court referred Adams' petition to a magistrate, who recommended that the court grant a writ of habeas corpus because Adams had been denied his right to self-representation; the magistrate did not address Adams' two other contentions. *Adams v. Block*, No. CV–86–6707–AHS (JR) (C.D.Cal. Apr. 15, 1987) (magistrate's report and recommendation).

The district court rejected the magistrate's recommendation and denied the writ. *Adams v. Block*, No. CV–86–6707–AHS (JR) (C.D. Cal. Nov. 16, 1987) (order denying petition for writ of habeas corpus). The court determined that because Adams first requested counsel, then asked to represent himself when he became dissatisfied with Carroll, then requested counsel again, and finally asked to represent himself again when Carroll was reappointed, Adams "did not make a request for self-representation in an unequivocal fashion." *Id.* at 7. Moreover, because Adams asked to represent himself solely as a means of dispensing with Carroll, his request for self-representation was in fact a thinly veiled motion to substitute counsel: "Petitioner's motion was not a genuine request for self-representation." *Id.*

Still acting pro se, Adams appeals.

## II

The sixth amendment's guarantee of the assistance of counsel is unusual among constitutional rights in that it is also implicitly a guarantee of its opposite, the right to refuse the assistance of counsel. *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975).[2] A criminal defendant thus has a

---

**1.** A portion of this opinion is published at 175 Cal.App.3d 855, 221 Cal.Rptr. 298 (1985). The three claims which formed the basis of Adams' federal habeas corpus petition are addressed in an unpublished section.

**2.** While most constitutional rights are waivable, "[t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right." *Singer v. United States*, 380 U.S. 24, 34–35, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1965) (holding that although the right to a jury trial is waivable, the sixth amendment does not provide the right to a bench trial). *See also Gannett Co. v. DePasquale*, 443 U.S. 368, 382, 99 S.Ct. 2898, 2907, 61 L.Ed.2d 608 (1979) (sixth amendment right to public

choice to make, but the options are not equally easy to elect. The right to the assistance of counsel is automatic; assuming the right is not waived, assistance must be made available at critical stages of a criminal prosecution, *United States v. Wade,* 388 U.S. 218, 223–27, 87 S.Ct. 1926, 1930–32, 18 L.Ed.2d 1149 (1967), whether or not the defendant has requested it. *Carnley v. Cochran,* 369 U.S. 506, 513, 82 S.Ct. 884, 888–89, 8 L.Ed.2d 70 (1962). To exercise the right to self-representation, on the other hand, a criminal defendant must negotiate a number of procedural obstacles.

One of these is that the request to proceed without counsel be unequivocal.[3] Although *Faretta* mentions this requirement in passing,[4] it was a prerequisite to self-representation in this circuit well before *Faretta, see Meeks v. Craven,* 482 F.2d 465, 467 (9th Cir.1973),[5] and has remained so since. *See United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986) (per curiam); *Armant v. Marquez,* 772 F.2d 552, 555 (9th Cir.1985), *cert. denied,* 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 902 (1986).

The requirement serves two purposes. First, it acts as a backstop for the defendant's right to counsel, by ensuring that the defendant does not inadvertently waive that right through occasional musings on the benefits of self-representation. *See, e.g., Meeks,* 482 F.2d at 467 (defendant cannot waive right to counsel by once stating "I think I will [represent myself]").

Because a defendant normally gives up more than he gains when he elects self-representation, we must be reasonably certain that he in fact wishes to represent himself. *See Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977) (courts must indulge in every reasonable presumption against waiver of the right to counsel).

The requirement that a request for self-representation be unequivocal also serves an institutional purpose: It prevents a defendant from taking advantage of the mutual exclusivity of the rights to counsel and self-representation. A defendant who vacillates at trial between wishing to be represented by counsel and wishing to represent himself could place the trial court in a difficult position: If the court appoints counsel, the defendant could, on appeal, rely on his intermittent requests for self-representation in arguing that he had been denied the right to represent himself; if the court permits self-representation, the defendant could claim he had been denied the right to counsel. *See Meeks,* 482 F.2d at 468. The requirement of unequivocality resolves this dilemma by forcing the defendant to make an explicit choice. If he equivocates, he is presumed to have requested the assistance of counsel.

■ Here, Adams made his preference clear from the start: He wanted to represent himself if the only alternative was representation by Carroll.[6] Although his

---

trial does not guarantee right to compel a private trial).

**3.** The others are that the request be knowing and intelligent, timely, and not for purposes of securing delay. *United States v. Balough,* 820 F.2d 1485, 1487 (9th Cir.1987); *Armant v. Marquez,* 772 F.2d 552, 555 (9th Cir.1985), *cert. denied,* 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 902 (1986). None of these additional requirements is at issue in this case; Adams' request was made with a thorough understanding of the pros and cons of self-representation, at the earliest opportunity and in good faith.

The state trial court denied Adams' requests primarily because Adams had admitted his own incompetence to represent himself. A defendant's lack of expertise or competence in legal matters, however, is *not* a valid basis for denying a request to proceed pro se. *United States v. Flewitt,* 874 F.2d 669, 675–676 (9th Cir.1989);

*United States v. Smith,* 780 F.2d 810, 812 (9th Cir.1986) (per curiam). If it were, few requests would be granted.

**4.** "Here, weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel." *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541.

**5.** We recognized a constitutional right to self-representation six years ahead of the Supreme Court. *See Arnold v. United States,* 414 F.2d 1056, 1058 (9th Cir.1969), *cert. denied,* 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970).

**6.** Adams has not claimed on appeal that the trial court's refusal to substitute counsel amounted to constitutional error, *see Hudson v. Rushen,* 686 F.2d 826, 829 (9th Cir.1982), *cert. denied,*

two self-representation requests were sandwiched around a request for counsel, this was not evidence of vacillation. To the contrary, each of these requests stemmed from one consistent position: Adams first requested to represent himself when his relationship with Carroll broke down. He later requested counsel, but with the express qualification that he did not want Carroll. When Carroll was reappointed, Adams again asked to represent himself. Throughout the period before trial, Adams repeatedly indicated his desire to represent himself if the only alternative was the appointment of Carroll. While his requests no doubt were *conditional*, they were not equivocal.

This conclusion is reinforced when tested against the purposes underlying the unequivocality requirement. Adams was not seeking to waive his right to counsel in a thoughtless manner; the trial court engaged him in extensive discussion regarding the difficulties of proceeding in pro per. Adams nevertheless persisted, choosing to fend for himself rather than rely on counsel whom he mistrusted. Nor was his request a momentary caprice or the result of thinking out loud; he made the same request over and over again, at nearly every opportunity. Had the request been granted, an appeal based on the denial of the assistance of counsel would have been frivolous, in light of the earnestness and frequency of his requests to represent himself. None of the purposes served by the requirement would be furthered by treating a conditional request for self-representation as equivocal.

The cases in which self-representation requests have been denied as equivocal involve markedly different facts. In *Meeks*, we found a request equivocal where the defendant indicated only once, and after trial had commenced, "I think I will [represent myself]," where that statement evidenced a desire to proceed in pro per only for the purpose of presenting one motion, and the defendant did not object to representation by counsel at any other time.

461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983), so we assume that it did not, and that

482 F.2d at 467. *United States v. Bennett*, 539 F.2d 45, 49–51 (10th Cir.), *cert. denied*, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976), involved a defendant who unquestionably vacillated between representation by counsel and self-representation until six days before trial. In *United States v. Weisz*, 718 F.2d 413, 426–28 (D.C.Cir.1983), *cert. denied*, 465 U.S. 1027, 1034, 104 S.Ct. 1285, 79 L.Ed.2d 688 (1984), the defendant's motion was ambiguous, and surrounding circumstances suggested that it was a motion to substitute counsel rather than to proceed pro se. *United States v. Oakey*, 853 F.2d 551, 552–54 (7th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 846, 102 L.Ed.2d 977 (1989), involved a request for self-representation with co-counsel; because a pro se defendant does not have a constitutional right to such "hybrid" representation, *McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S.Ct. 944, 953–54, 79 L.Ed.2d 122 (1984), the request was equivocal.

Adams, by contrast, took one position and stuck to it: If the court would not order substitute counsel, he wished to represent himself. The sixth amendment, as interpreted in *Faretta*, required the trial court to honor this request. As the denial of the right to self-representation is not amenable to harmless error analysis, *Wiggins*, 465 U.S. at 177 n. 8, 104 S.Ct. at 950 n. 8, Adams' conviction must be reversed. We thus need not address his two other contentions.

## III

The judgment of the district court is reversed. We instruct the district court to grant the writ of habeas corpus and order Adams released from custody unless the state commences retrial within such reasonable period of time as is allowed by the district court.

Adams was properly confronted with only two options—Carroll or no counsel at all.