UNITED STATES of America,
Plaintiff–Appellee,

v.

**Aga Kanan GUMA, Defendant–Appellant.**

No. 01–30004.

D.C. No. CR–00–00246–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Jan. 25, 2002.

---

Before B. FLETCHER, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Aga Kanan Guma appeals his jury trial conviction and sentence for assault of a federal officer in violation of 18 U.S.C. § 111(a) and (b). Guma contends that he was denied his Sixth Amendment right to counsel when the district court denied his request to discharge his trial attorney during a pretrial hearing. Guma also argues that the district court erred by declining to reduce his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 because he admitted the elements of the assault at trial and expressed remorse at sentencing. We have jurisdiction under 28 U.S.C. § 1291, and, because the district court rejected Guma's request to discharge trial counsel without an adequate inquiry, we reverse and remand for a new trial.

■ A district court's denial of a motion for substitution of counsel is reviewed for abuse of discretion.[1] *United States v. Corona–Garcia*, 210 F.3d 973, 976 (9th Cir.), *cert. denied*, 531 U.S. 898, 121 S.Ct. 231, 148 L.Ed.2d 165 (2000). Although Guma is not entitled to the lawyer of his choice, "if the relationship between lawyer and client completely collapses, the refusal to substitute new counsel violates [his] Sixth Amendment right to effective assistance of counsel." *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir.1998).

■ We consider three factors when evaluating whether a defendant was wrongly denied the opportunity to substitute counsel: 1) whether the district court's inquiry was adequate; 2) the extent of the conflict between the defendant and counsel; and 3) the timeliness of the motion weighed against any inconvenience or delay that would result from granting the motion. *Corona–Garcia*, 210 F.3d at 976.

■ The district court provided Guma with an opportunity to elaborate on his request, but did not ask any questions of either Guma or his counsel. As confirmed at oral argument, Government counsel was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

1. Based on the record before us, we conclude that Guma's request was for substitution of counsel, not a motion for self-representation. A defendant's assertion of the right to self-representation must be knowing, intelligent, timely, not for the purpose of delay, and unequivocal. *Adams v. Carroll*, 875 F.2d 1441, 1442 (9th Cir.1989). Guma never stated that he wished to represent himself, and we see no other unequivocal evidence that he wished to proceed pro se.

not excused from the room and the district court did not hold an ex parte hearing to evaluate Guma's request. Unfortunately, the district judge provided no reason on the record to support his denial of Guma's request for substitution of counsel.

In light of several recent decisions of this Court, we conclude that the court's inquiry was inadequate. In *United States v. Adelzo–Gonzalez,* we reversed a conviction where "[t]he district court asked only open-ended questions and put the onus on defendant to articulate why the appointed counsel could not provide competent representation." 268 F.3d 772, 778 (9th Cir. 2001). *See also United States v. Nguyen,* 262 F.3d 998, 1002–05 (9th Cir.2001) (reversing conviction where the district court refused to grant a full ex parte hearing in response to a request to substitute counsel); *United States v. Musa,* 220 F.3d 1096, 1098, 1102–03 (9th Cir.) (vacating sentence where district court denied request to substitute counsel "without inquiry"), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 (2000).

The district court's inquiry into Guma's request to substitute counsel was inadequate in light of our case law. Because we are reversing his conviction and remanding for a new trial with new defense counsel, we do not reach Guma's arguments regarding his sentence. They are now moot.

REVERSED and REMANDED.