Gregory David WERBER,
Petitioner–Appellant,

v.

Samuel SUBLETT, Warden; Terry
Goddard,* Attorney General,
Respondents–Appellees.

No. 02–16807.

D.C. No. CV–00–00404–EHC.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.**

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge,
HAWKINS and TASHIMA, Circuit
Judges.

MEMORANDUM***

Arizona state prisoner Gregory David Werber appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which challenges his conviction and 12.5–year sentence for one count of schemes and artifices to defraud. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Werber contends that his Sixth Amendment right of self-representation was violated when counsel represented him at the sentencing hearing. Our review of the record, however, reveals that Werber never made an unequivocal request to proceed exclusively pro se.[1] Thus, the state court's denial of this claim was not contrary to or an unreasonable application of federal law as clearly established by the Supreme Court. *See* 28 U.S.C. § 2254(d); *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *see also Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir.1989) (stating that a "request to proceed without counsel [must] be unequivocal" and "[i]f [the defendant] equivocates, he is presumed to have requested the assistance of counsel"). The district court therefore properly denied Werber's petition.[2]

**AFFIRMED.**

---

* Terry Goddard is substituted for his predecessor, Janet Napolitano. *See* Fed. R.App. P. 43(c)(2). The Clerk shall amend the docket accordingly.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We deny Werber's request for oral argument.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Contrary to Werber's assertion, the state court did not make a finding of fact that Werber made an unequivocal request to represent himself.

2. The Clerk is ordered to file appellees' excerpts of record, received by the Court on April 7, 2003. Werber's December 13, 2002 motion to file a pro se supplemental brief is denied. In addition, Werber's motion to broaden the certificate of appealability is denied.