**James Dean TAYLOR, Petitioner— Appellant,**

v.

**Roy A. CASTRO, Warden, Respondent— Appellee.**

**No. 03–16510.**

**D.C. No. CV–01–03843–CW.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

James Dean Taylor, pro se, Susanville, CA, for Petitioner–Appellant.

Morris Beatus, Deputy Atty. Gen., Moona Nandi, AGCA–Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

California state prisoner James Dean Taylor appeals *pro se* the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for battery by an inmate. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Taylor first contends that he was denied his Sixth Amendment right to counsel by the state trial court's denial of his motions for substitute counsel. While an independent review of the record suggests that Taylor and his counsel had a challenging relationship, we agree with the district court that Taylor has not shown an irreconcilable conflict or breakdown of communication between Taylor and counsel that prevented effective representation. *See Schell v. Witek*, 218 F.3d 1017, 1026 (9th Cir.2000) (*en banc*) (deciding that the ultimate question in reviewing a denial of a section 2254 petition was not whether the state trial court erred in handling a substitution motion, but rather focusing on whether any error actually resulted in representation that fell short of that required by the Sixth Amendment).

Taylor further contends that his Sixth Amendment right to self-representation was violated by the trial court's denial of his motion pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The California Court of Appeal concluded on direct appeal that, drawing every inference against the waiver of the right to counsel, the trial court properly found that Taylor's decision to represent himself was not voluntary and unequivocal. Taylor has failed to rebut the state court's findings by clear and convincing evidence, *see Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir.2003), and we conclude that the denial was not contrary to or an unreasonable application of federal law as established by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence. *See Faretta*, 422 U.S. at 835; *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 446, 157 L.Ed.2d 313 (2003); *see also Adams v. Caroll*, 875 F.2d 1441, 1444 (9th Cir.1989) (stating that a "request to proceed without counsel [must] be unequivocal" and "[i]f the defendant equivocates, he is presumed to have requested the assistance of counsel").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

