**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
# For the First Circuit

No. 04-1051

JOSEPH JORDAN,

Petitioner, Appellant,

v.

EDWARD FICCO,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]
[Hon. Lawrence P. Cohen, U.S. Magistrate Judge]

Before

Selya, Dyk[*] and Howard, Circuit Judges.

John M. Thompson with whom Thompson & Thompson, P.C. was on
brief, for petitioner.
Susanne G. Reardon, Assistant Attorney General, with whom
Thomas F. Reilly, Attorney General, was on brief, for respondent.

June 13, 2005

[*]Of the Federal Circuit, sitting by designation.

**Per Curiam**.   This is an appeal from an order denying Joseph Jordan's petition for a writ of habeas corpus.  The issue presented is whether the district court erred in concluding that Massachusetts courts did not deny Jordan the right of self-representation, see Faretta v. California, 422 U.S. 806 (1975), or certain concomitant procedural rights.  The Massachusetts Appeals Court, in a decision that the Supreme Judicial Court declined to review, held that Jordan invoked his right to self-representation but then later waived it.  The district court decided that this waiver ruling was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1)(2000).  The court also rebuffed Jordan's claim that the state court's decision was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).  We do not travel the same decisional path as the other courts that have evaluated Jordan's Faretta-related claims because, in our view, Jordan only expressed a desire to represent himself under certain conditions and those conditions never materialized.  We therefore affirm the denial of the petition on this limited basis.

In October 1991, a Massachusetts grand jury indicted Jordan on charges of kidnaping, conspiracy to murder, assault by means of a dangerous weapon, and battery.  Jordan was incarcerated

-2-

pending trial. The superior court originally appointed attorney Alan Rubin, the regional supervisor of the Hampshire County office of the Committee for Public Counsel Services, to represent him. On May 4, 1992, Rubin moved to withdraw because of a conflict of interest and was granted permission to do so. That same day, the court appointed attorney Scott Hamilton to replace Rubin and continued Jordan's trial until July 22, 1992.

In three identical motions, filed with the superior court on June 17, 1992, July 7, 1992, and July 13, 1992 (but prepared and mailed some time earlier from Jordan's place of incarceration), Jordan expressed dissatisfaction with Hamilton's case preparation. These motions, captioned as "Motion[s] to Proceed Pro Se," sought relief in the form of (1) dismissal of the charges, (2) transfer of venue to another jurisdiction (presumably where another bar advocate or public defender's office would be responsible for defending Jordan), (3) that "[a]n Attorney-At-Law from without the Hampshire County Bar Advocate Program and from without the Public Defender's Office be appointed to defend [Jordan] concurrently with the withdrawl [sic] of the currently appointed Bar Advocate," or (4) that "[t]he defendant be allowed to proceed Pro Se in this matter and, due to the circumstances of this case, that this Honorable Court appoint a standby counsel." On the final page of his submission, Jordan made clear that self-representation was the least preferred of the remedies sought: "The defendant in this

matter therefore respectfully requests that this Honorable Court allow one of the foregoing alternatives to his proceeding pro se or, short of those, allow him to proceed pro se . . . ."

On July 8, 1992, Hamilton moved to withdraw as Jordan's counsel. The superior court held a hearing on the motion that same day, with Jordan in attendance. The court denied Hamilton's motion because it did not want to continue the trial again, but it offered to permit attorney Geri Laventis (whom Hamilton had introduced to Jordan as possible replacement counsel the week before) to participate as co-counsel. Laventis could not participate on the scheduled trial date so she declined. At this point, the court stated that it would consider appointing co-counsel if the defense so moved.

On July 13, 1992, the same day that Jordan's third "Motion to Proceed Pro Se" reached and was filed with the court, Hamilton acting for Jordan moved to appoint attorney David Pritchard as co-counsel. The court granted the motion that same day. After this motion was granted, Jordan made no further mention of representing himself and permitted Pritchard and Hamilton to represent him at trial without objection. Moreover, in a letter to the superior court's Regional Administrative Justice dated July 13, 1992, but filed August 11, 1992, Jordan reiterated his desire for counsel at his trial: "Regardless of whom is appointed as my counsel, although I certainly hope that Ms. Laventis be so

appointed,[1] I pray that this Honorable Court appoint new counsel and remove Mr. Hamilton as my counsel as soon as possible." The July 13 letter made no mention of self-representation or proceeding pro se. On July 29, 1992, Jordan was convicted on all charges.

Jordan's entire argument to us is based on the factual premise that Jordan wished to represent himself and sufficiently communicated that wish to the trial court to trigger the Faretta (and Faretta derived) rights of which he says he was denied. We reject this factual premise and thus the argument itself. We may accept arguendo, as the state appeals court concluded, that an assertion of Faretta rights may be efficacious even if it is only made on the condition that another requested and preferred form of relief be deprived. See, e.g., Adams v. Carroll, 875 F.2d 1441, 1444-45 (9th Cir. 1989). But this does not mean that a conditional assertion of Faretta rights is always efficacious. See United States v. Frazier-El, 204 F.3d 553, 558-61 (4th Cir. 2000); id. at 566-67 (Murnaghan, J., dissenting). Where, as here, the alleged assertion of Faretta rights is clearly conditioned on the denial of a preferred form of requested relief involving counseled representation, and where, as here, a variant

---

[1]The reference to Ms. Laventis in the July 13 letter is a bit odd, as Laventis had declined the offer to be appointed co-counsel five days earlier at the July 8 hearing. In any event, regardless whether the letter was written on July 13 or shortly before, it is clear that the letter was written after the thrice-filed Motion to Proceed Pro Se was sent to the court.

-5-

of the preferred form of relief is <u>granted</u> without subsequent objection or renewal of the request for self representation,[2] it would undermine the Sixth Amendment to treat the conditional assertion of <u>Faretta</u> rights as efficacious.  Such a ruling could pave the way for inadvertent waivers of the right to counsel by defendants who "occasional[ly] mus[e] on the benefits of self-representation," <u>Frazier-El</u>, 204 F.3d at 558-59, (citation and internal quotation marks omitted), and thereby undermine the "constitutional primacy" of this right vis-à-vis the right to self-representation, <u>id.</u> at 559; <u>see</u> <u>United States</u> v. <u>Proctor</u>, 166 F.3d 396, 401 (1st Cir. 1999).  We are unwilling to endorse such a result.

**<u>Affirmed</u>**.

---

[2]Jordan suggests that his third Motion to Proceed Pro Se was filed <u>after</u> the appointment of Pritchard as co-counsel and served as de facto notice to the trial court that Jordan preferred self-representation to combined representation by Pritchard and Hamilton.  Under all the circumstances, the trial court only could have inferred that the third motion was prepared and mailed prior to July 13 when the court acted on Jordan's request that he not be represented by Hamilton, since the motion arrived at the court on July 13.