**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Vince Edward WILSON, aka Vincent Edwards, Defendant—Appellant.**

No. 06–50384.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2008 *.

Filed March 7, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael L. Stern, Esq., Michael J. Raphael, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Myra Mossman, Santa Barbara, CA, for Defendant–Appellant.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

On November 1, 2004, Vince Edward Wilson was arraigned on a thirteen-count indictment, charging him with drug trafficking and weapons offenses. Dissatisfied with appointed counsel, Wilson requested to proceed pro se. The district court conducted three separate hearings under the requirements of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and granted Wilson's request. Wilson represented himself pro se during pretrial, trial and sentencing proceedings. On December 14, 2005, a jury found Wilson guilty on all counts.

Wilson appeals his convictions, contending that the district court erred by allowing him to proceed pro se. First, he argues that his request to waive counsel was equivocal. Second, Wilson argues that his waiver was not knowing and intelligent. Third, he argues that he was not competent to waive his right to counsel. We reject Wilson's arguments, and affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

 

**684**

Wilson's request to proceed pro se was unequivocal. At the second *Faretta* hearing, Wilson unequivocally stated that he was "100 percent sure" of his decision to represent himself. After consideration, Wilson also unequivocally refused the court's offer to appoint co-counsel. Additionally, Wilson's complaints about prior appointed counsel do not render his requests equivocal. *See United States v. Hernandez,* 203 F.3d 614, 621–22 (9th Cir. 2000); *Adams v. Carroll,* 875 F.2d 1441, 1444–45 (9th Cir.1989) (waiver not equivocal where defendant wanted to proceed pro se because he distrusted his appointed counsel).

Wilson's decision to represent himself was also knowing and intelligent. In order to establish a knowing and intelligent *Faretta* waiver, the district court must ensure that the defendant understands (1) the nature of the charges against him, (2) the possible penalties, and (3) the dangers and disadvantages of self-representation. *United States v. Erskine,* 355 F.3d 1161, 1167 (9th Cir.2004). In each of the first two *Faretta* hearings, the district court explained the charges to Wilson, and at one point even read elements from Ninth Circuit jury instructions. Similarly, the court discussed the possible penalties and disadvantages of self-representation at length. Each time the court asked Wilson if he understood the charges, penalties and dangers of proceeding pro se, he said he did.

Finally, Wilson was competent and capable of waiving his right to counsel. Competency to waive the right to counsel "requires nothing more than that a defendant have some minimal understanding of the proceedings against him." *Hernandez,* 203 F.3d at 620 n. 8 (9th Cir.2000). Although Wilson's failure to file motion papers and his propensity to argue issues already decided show questionable legal

judgment, there is nothing in the record that would cause a reasonable judge to question Wilson's competency to waive his right to counsel. *See Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) ("[A] criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation.").

**AFFIRMED.**