Jerry Martin MIRANDA

v.

Robert A. HOREL, Warden.

No. CV 07–6582–GPS(RC).

United States District Court,
C.D. California.

April 14, 2008.

## PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On February 27, 2008, petitioner Jerry Martin Miranda filed a motion to amend his habeas corpus petition under 28 U.S.C. § 2254 to add a new claim under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975),[1] and on March 6, 2008, respondent filed an opposition to the motion to amend. On April 10, 2008, petitioner filed his reply.

### DISCUSSION

The petitioner seeks to amend his habeas corpus petition to add a new *Faretta* claim under Rule 15(a) of the Federal Rules of Civil Procedure, which applies to habeas corpus petitions, as well as other pleadings. *Mayle v. Felix,* 545 U.S. 644, 655, 125 S.Ct. 2562, 2569, 162 L.Ed.2d 582 (2005); *see also In re Morris,* 363 F.3d 891, 893 (9th Cir.2004) (" 'Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.' " (citations omitted)). Rule 15(a) provides that after an answer is filed, "[a] party may amend its pleading only with the opposing party's consent or the court's leave...." Fed.R.Civ.P. 15(a). The respondent opposes the amendment, and the Court declines to grant petitioner leave to amend his petition to add a new

*Faretta* claim for the reasons discussed below.

First, the Court finds the *Faretta* claim has not been properly exhausted before the state courts, as required by 28 U.S.C. § 2254(b) and (c). "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal quotation marks, citations and footnote omitted); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–5, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); *Crotts v. Smith,* 73 F.3d 861, 865 (9th Cir.1996). The exhaustion requirement is satisfied when "the federal claim has been fairly presented to the state courts." *Picard,* 404 U.S. at 275, 92 S.Ct. at 512; *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam). This means the substance of each claim raised in the federal habeas corpus petition must have been "fairly presented" to the state courts. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982); *Gatlin v. Madding,* 189 F.3d 882, 887 (9th Cir.1999), *cert. denied,* 528 U.S. 1087, 120 S.Ct. 815, 145 L.Ed.2d 686 (2000). "Fair presentation requires that the petitioner must present 'both the operative facts and the federal legal theory on which his claim is based' " to the state courts. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir.2003) (citation omitted); *Cockett v. Ray,* 333 F.3d 938, 942 (9th Cir.2003).

Here, petitioner has not fairly presented his *Faretta* claim to the California Su-

---

1. The Sixth Amendment guarantees a criminal defendant the right to represent himself at trial. *Faretta,* 422 U.S. at 832, 95 S.Ct. at 2539–40.

preme Court for federal exhaustion purposes. The petitioner has filed two petitions in the California Supreme Court: a petition for review,[2] Lodgment no. 8; and a habeas corpus petition. Lodgment no. 16. In his habeas corpus petition, petitioner raised the following claims: (a) "Ineffective assistance of counsel in plea bargain [in that] petitioner did not have any representation during the occasion[s] when his counsel was absent from the courtroom and he did not knowing[ly] and intelligently accept substitute counsel on those occasions, thus a violation of ... the Sixth Amendment ['s] right to effective counsel" occurred; (b) insufficient evidence to support petitioner's prior conviction for violating P.C. § 245(a)(1) as a "strike" under California law; and (c) prosecutorial misconduct. In discussing his claim of ineffective assistance of counsel in the plea bargain, petitioner complained that he was "under-represented and request[ed] to represent himself. [sic] see *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).[sic] on grounds that arrangements with the firm of Mark Bledstein, who[ ] fail[ed] to make any court appearance, only postponing, Petitioner addressed issues with Ms. Case[,] the Sub[stitute] Counsel but receive[d] no results, ..." Lodgment no. 16 at 19. The preceding reference to *Faretta* is petitioner's one and only reference to *Faretta* in his petition for habeas corpus relief to the California Supreme Court, and it consists of one line in 18 pages of discussion about petitioner's "[i]neffective assistance of counsel in plea bargain" claim. Moreover, petitioner's so-called *Faretta* claim **conflicts with** the very nature of his claim of "[i]neffective assistance of counsel in plea bargain"—in which petitioner asserts Mr.

Bledstein, his attorney, did not properly represent him by sending a substitute counsel to a hearing. Thus, the *Faretta* claim has not been properly exhausted before the California courts.

█ Second, it would be futile to permit petitioner to raise a *Faretta* claim since any *Faretta* claim would be without merit. On September 3, 2003, when petitioner appeared before the trial court and voiced his displeasure with Mr. Bledstein sending another attorney, Catherine Case, to appear on petitioner's behalf, the following colloquy took place between the trial court and petitioner:

THE COURT: ... But if you think you want to put it off to get a better offer, that isn't going to happen, sir.

[PETITIONER]: I would like to investigate on my own.

THE COURT: What?

[PETITIONER]: I would like to do my own investigating on my case and my strikes.

THE COURT: How long is it going to take you?

[PETITIONER]: At least 60 days.

THE COURT: No, I am not going to give you 60 days.

[PETITIONER] Thirty.

THE COURT: If you want to go pro per I will give you 30 days. This is a real simple case. If it weren't for the strikes it would be real simple.

[PETITIONER]: Yeah, I know that.

THE COURT: The strikes is what makes it damaging for you.

[PETITIONER]: Yes, I know. I am aware of that.

---

**2.** In the petition for review, petitioner raised two claims: (a) the trial court abused its discretion under P.C. § 1385 when it refused to strike petitioner's prior serious felony convictions, thereby violating petitioner's due process rights; and (b) petitioner's sentence of 25 years to life constitutes cruel or unusual punishment under the California Constitution. Lodgment no. 8.

THE COURT: You understand that if I let you represent yourself you will be treated just like a lawyer. You get no special considerations. [¶] Do you understand that?

[PETITIONER]: Yes, I do.

THE COURT: We have another person in the lockup that wanted to go pro per that I have let go pro per. They [sic] continue to get put on administrative segregation for fouling up in county jail. Now they [are] are complaining because they [sic] can't get in the law library because he won't do what he is told. That is not an excuse. You don't get to drag it [the case] on. You are treated like a lawyer. [¶] You could sit at this counsel table and hypothetically be absolutely innocent and convict yourself because you don't know which questions to ask or how to ask a proper question. I can't help you and any other judge that hears your case cannot help you. If you sit there and flounder, you flounder. I have seen it happen over and over and over. [if] In fact, to give you an idea, the Fourth District Court of Appeal for the State of California had a case where a real lawyer represented himself, got convicted, complained to the Court of Appeal. You know what the Court of Appeal said? You had a fool for a client. [¶] Did you ever read in the paper when most lawyers and judges get in trouble what do they do? They hire a lawyer. Because they are smart enough to know that you don't represent yourself, because you are too personally involved. You miss things because you are emotionally involved. I can tell you, by going pro per you don't get any sympathy from jurors out here.

[PETITIONER]: You think that is what I am asking for, sympathy?

THE COURT: I don't know why you want to go pro per. It is up to you. But I just want to tell you all of the ramifications of when you go pro per. You get no special consideration from the court, from the prosecutor, or from the judge.

[PETITIONER]: I understand that.

THE COURT: You are entirely on your own.

[PETITIONER]: That is all right.

MS. CASE: Do you want to talk to me about it any more?

[PETITIONER]: No.

THE COURT: Give him the pro per forms.

Lodgment no. 18, Exh. A at 6:5–8:12. After a recess, the colloquy continued:

THE COURT: ... Mr. Miranda, you sure you want to represent yourself?

[PETITIONER]: Yes.

THE COURT: As I told you, you will get no consideration. You will be treated just like a lawyer. No special treatment. [¶] Do you understand that? [¶] I asked you a question. Do you understand that?

[PETITIONER]: Yes.

THE COURT: Are you sure that is what you want to do?

[PETITIONER]: **I am not sure, but—it is a hard decision.**

THE COURT: It sure is.

[PETITIONER]: **Can I speak with my wife?**

THE COURT: I will put this over for trial to Friday. Your wife can go to County Jail and talk to you.

[PETITIONER]: All right. An answer, can I have an answer Friday?

THE COURT: What?

[PETITIONER]: Can I have an answer for you Friday?

THE COURT: We are going to bring in witnesses for you on Friday. You are going to go to trial on Friday. With or without a lawyer. Ms. Case or Mr. Bledstein will be here to try this. That is at 8:30 a.m. Friday, September 5.[¶] Ms. Case, you or Mr. Bledstein are ordered to be here at 8:30 a.m. ready for trial September 5th.

*Id.* at 8:28–10:1 (emphasis added).

 To be effective, a criminal defendant's request for self-representation must, among other things, be equivocal and not a tactic to secure delay. *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541; *Sandoval v. Calderon,* 241 F.3d 765, 774 (9th Cir.2000), *cert. denied,* 534 U.S. 847, 122 S.Ct. 112, 151 L.Ed.2d 69 (2001) and 534 U.S. 943, 122 S.Ct. 322, 151 L.Ed.2d 241 (2001); *see also Lacy v. Lewis,* 123 F.Supp.2d 533, 548 (C.D.Cal.2000) ("The requirement of unequivocality 'ensur[es]' that the defendant does not inadvertently waive th[e] right [to counsel] through occasional musings on the benefits of self-representation.' Thus, a request is not unequivocal if it is 'a momentary caprice or the result of thinking out loud,' or an 'emotional response' to a trial court's ruling." (citations omitted)). This is to assure the defendant's decision to represent himself is competently and intelligently made, and the trial court has satisfied "itself that the waiver of [the defendant's] constitutional right [to counsel] is knowing and voluntary." *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541; *Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993); *Lopez v. Thompson,* 202 F.3d 1110, 1117 (9th Cir.) (en banc), *cert. denied,* 531 U.S. 883, 121 S.Ct. 198, 148 L.Ed.2d 138 (2000). In determining whether a defendant's waiver of counsel is knowing and voluntary, the trial court "must indulge in every reasonable presumption against waiver." *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977); *see also Adams v. Carroll,* 875 F.2d 1441, 1444 (9th Cir.1989) ("Because a defendant normally gives up more than he gains when he elects self-representation, we must be reasonably certain that he in fact wishes to represent himself.").

Here, petitioner's request to represent himself was a momentary emotional outburst stemming from Mr. Bledstein's failure to appear at the hearing; it clearly was equivocal since petitioner, upon reflection, stated he wanted to speak to his wife before deciding whether to represent himself. Since any *Faretta* claim by petitioner would be without merit, it would be futile to allow petitioner to amend the habeas petition to add a *Faretta* claim.

## ORDER

The petitioner's request to amend his petition to add a *Faretta* claim **IS DENIED.**