**Donald L. CAVINESS, Petitioner—Appellant,**

v.

**Tom FELKER, Warden, Respondent—Appellee.**

No. 07–16379.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2008.*

Filed May 16, 2008.

As Amended on Denial of Rehearing and Rehearing En Banc June 25, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.    R.App. P. 34(a)(2).

Donald L. Caviness, Susanville, CA, pro se.

Matthew Dale Alger, Esq., Alger & Alger, Clovis, CA, for Petitioner–Appellant.

Brian George Smiley, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: KLEINFELD and N.R. SMITH, Circuit Judges, and MILLS **, District Judge.

## MEMORANDUM ***

Donald L. Caviness ("Caviness") was convicted on six counts of second-degree robbery under California law and was sentenced to 160 years to life in prison. The state courts affirmed his conviction and sentence on direct appeal and denied his petition for habeas corpus. Caviness here appeals from the district court's denial of his petition for habeas corpus. We AFFIRM.

Caviness first argues that his Sixth Amendment right to self-representation under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was violated. The record supports the state habeas court's conclusion that Caviness's request to proceed pro se was equivocal, *see id.* at 835, 95 S.Ct. 2525, because it was made as an "impulsive response" to the denial of his motion for substituted counsel, *see Jackson v. Ylst,* 921 F.2d 882, 888

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.1990). The state court's decision on this issue was not "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).[1] The district court properly denied relief.

█ Caviness also argues that his right to be tried by an impartial jury, *see Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), was violated because one of the jurors lied at voir dire and was biased, but was nonetheless allowed to stay on the jury. This record does not support Caviness's claim that the juror lied at voir dire, nor that he was tainted by actual or implied bias. *See id.; United States v. Gonzalez,* 214 F.3d 1109, 1111 (9th Cir.2000). The state court's rejection of Caviness's juror bias claim is not "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The district court properly denied relief.

AFFIRMED.

---

**1.** The case appellant cites in his petition for rehearing, *Adams v. Carroll,* 875 F.2d 1441 (9th Cir.1989), is inapposite because it came down before Congress passed AEDPA in 1996 and was decided without the deferential standard in § 2254. Also, the cases differ factual-ly, the context making Caviness's statement far more plainly equivocal than in *Adams.*

