**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50118 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00918-L-1 |
| v. | Southern District of California, San Diego |
| FE S. GARRETT, |  |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

Before:  B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Fe S. Garrett was convicted for aiding and assisting in the preparation of

false tax returns, filing false income tax returns, and willful failure to pay tax.  She

was sentenced to 65 months imprisonment and now appeals her conviction and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

sentence.  We affirm.

Garrett first argues that she is entitled to a new trial because the prosecutor struck F.M., the only Filipino juror on the venire, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  Steps one and two of the *Batson* framework are not in dispute.  Only step three of the *Batson* inquiry is at issue and thus the sole question is whether the trial court clearly erred in concluding that there was no purposeful discrimination.  *Tolbert v. Page*, 182 F.3d 677, 680 n.5 (9th Cir. 1999).  We conclude that the district judge did not clearly err.  The prosecutor's proferred reasons for striking F.M. were his youthful age and lack of employment history.  The government alleged it sought jurors who had a history of working and filing taxes, experience relevant to the critical issues in this tax fraud case.  The prosecutor's race-neutral explanations were permissible and plausible.

Garrett next contends that a new trial is warranted because the prosecutor made statements in her closing argument that constituted improper vouching.  Because defense counsel objected to the statements at trial, our review is for abuse of discretion.  *United States v. Sarkisian*, 197 F.3d 966, 988 (9th Cir. 1999).  Garrett complains of three statements made during the prosecution's rebuttal argument.  At least one of the statements is an argument from evidence properly before the jury.  Even assuming the second and third statements, one of which the

2

government concedes constitutes prosecutorial vouching, were improper, any error was harmless in light of the independent and overwhelming evidence against Garrett, including a tape-recorded conversation where she made incriminating statements and numerous witnesses' testimony that corroborated the government's investigation.

Garrett's third argument is that her waiver of her right to counsel at sentencing was not "knowing, intelligent, and unequivocal." *United States v. Farhad*, 190 F.3d 1097, 1099 (9th Cir. 1999). Garrett's statements make clear that she wanted to represent herself because the district court was unwilling to provide her with new counsel. But that fact alone does not compel the conclusion that her request was equivocal. *See Adams v. Carroll*, 875 F.2d 1441, 1444-45 (9th Cir. 1989); *United States v. Hernandez*, 203 F.3d 614 (9th Cir. 2000). Garrett repeatedly and articulately requested to proceed pro se. The trial judge engaged Garrett in a meaningful and extensive dialogue on the inherent drawbacks of self-representation. He also explained that she has no right to counsel of her choice. There is no evidence that Garrett's request was impulsive or the product of whim and caprice. Considering the "record as a whole," Garrett's request to represent herself was clear and unequivocal. *See United States v. Gerritsen*, 571 F.3d 1001, 1008 (9th Cir. 2009) ("We have explained that a defendant's waiver must be

3

evaluated in light of the record as a whole." ).

Finally, Garrett argues that the district court erred by denying her request for a continuance to allow her to prepare for sentencing. District courts have broad discretion on matters of continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). The district judge had previously granted a continuance to provide Garrett more time. Nothing in the record suggests that the trial court's denial of Garrett's second request for a continuance was arbitrary or unreasonable.

**AFFIRMED.**