**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY COLBERT,<br><br>     Petitioner - Appellant,<br><br> v.<br><br>MICHAEL MARTEL, Warden,<br><br>     Respondent - Appellee. | No. 12-16105<br><br>D.C. No. 5:10-cv-01675-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted September 9, 2014
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

Petitioner Gregory Colbert appeals from the district court judgment denying

his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Colbert

challenges his California convictions for first-degree murder and possession of a

firearm by a felon, arguing that he was denied his constitutional right to self-

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

representation. We have jurisdiction pursuant to 28 U.S.C. § 2253, and, under de novo review, we affirm.

We must deny Colbert's habeas petition unless the decision of the California Court of Appeal "(1) . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Colbert asserts at the outset that the only issue in this case is whether the state court decision was based on an unreasonable determination of the facts under Section 2254(d)(2), but several of his specific arguments attack the legal approach used by the California Court of Appeal, which we must analyze under Section 2254(d)(1). Regardless, Colbert's petition fails to meet the standard for either prong.

Under the first test of Section 2254(d), the decision of the California Court of Appeal was not contrary to any principle of law clearly established by Supreme Court precedent, nor did it involve an unreasonable application of any such principle. The tension between the clearly established right to counsel, *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004), and the clearly established right to self-representation, *Faretta v. California*, 422 U.S. 806, 807 (1975), necessarily affords

2

state courts broad leeway under habeas review in the area between the two rights. *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449-51 (2013) (per curiam). The approach taken by California law generally and followed by the Court of Appeal specifically in this case—to honor unequivocal requests for self-representation while drawing every inference against a waiver of the right to counsel—falls well within the latitude allowed by Supreme Court precedent.

Likewise, under the second test of Section 2254(d), the decision of the California Court of Appeal was not based on an unreasonable determination of the facts presented in state court. For example, the fact that Colbert used his state-provided attorney to file a motion shortly after his initial request for self-representation was granted casts serious doubt on whether Colbert's preference for self-representation remained as clear and unequivocal as that displayed by the defendant in *Faretta*, regardless of his reasons for doing so. *See McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984). Petitioner's reliance on *Adams v. Carroll*, 875 F.2d 1441 (9th Cir. 1989), is misplaced because he has not met his burden under AEDPA. *See Stenson v. Lambert*, 504 F.3d 873, 881, 883 (9th Cir. 2007). In light of all of the evidence presented, it was not unreasonable for the California Court of Appeal to determine under the legal principles discussed above that Colbert's

3

subsequent actions did not meet the standard to continue to invoke his *Faretta* right.

**AFFIRMED.**