**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30293 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00100-MJP-1 |
| v. | |
| SETH MORGAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted October 6, 2016**
Seattle, Washington

Before: W. FLETCHER, FISHER and N.R. SMITH, Circuit Judges.

Seth Morgan appeals his convictions for being a felon in possession of a

firearm, possession of controlled substances with intent to distribute and

possession of a firearm in furtherance of a drug trafficking crime. We have

jurisdiction under 28 U.S.C. § 1291. Because the district court properly denied

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Morgan's motion to suppress and committed no clear error when it concluded Morgan unequivocally waived his right to counsel, we affirm.

**1.** We reject Morgan's argument that the warrantless search was unlawful because Department of Corrections Officer Lee conducted the search as an agent of law enforcement. Under *United States v. Knights*, 534 U.S. 112, 122 (2001), a warrantless search of a probationer, "supported by reasonable suspicion and authorized by a condition of probation, [i]s reasonable within the meaning of the Fourth Amendment." Here, Officer Lee had reasonable suspicion Morgan was involved in unlawful drug activity, and a condition of Morgan's probation agreement expressly authorized the search. The search therefore was reasonable under the Fourth Amendment. Whether the search had an investigatory or probationary purpose is immaterial. Nothing in Morgan's probation agreement "limit[ed] searches pursuant to this probation condition to those with a 'probationary' purpose." *Id.* at 116; *see also United States v. Stokes*, 292 F.3d 964, 967 (9th Cir. 2002) (recognizing *Knights* overturned a previous line of circuit cases holding "searches of probationers invalid on the ground that they were subterfuges for criminal investigations").

Morgan argues the search exceeded the scope of the probation condition because "Lee was acting in concert with the police in an effort to circumvent the

Fourth Amendment requirements." *See* Washington Department of Corrections Policy 420.390 (Dec. 6, 2013) ("Law enforcement can assist with searches. However, the search cannot occur at the request of, or as an agent for, a law enforcement agency."). That did not occur here, however. Although Officer Lee and the police cooperated in the search, the search was directed and authorized by Lee, not the police. *Cf. State v. Reichert*, 242 P.3d 44, 49 (Wash. Ct. App. 2010) ("[A] searching DOC officer does not run afoul of the Fourth Amendment merely because they [sic] originally receive a tip from police that the probationer may be violating the terms of his probation.").

**2.** Morgan argues the search of the Pontiac was unauthorized by the probation agreement because he merely possessed rather than owned the car. But he cites no authority construing the phrase "my automobile" to require ownership as well as possession. *See* "*My*," Webster's Third New International Dictionary 1493-94 (2002). Morgan was in possession of the automobile. He had keys to the car; he alone made repeated trips to the car; he placed a backpack in the trunk; he was apprehended while sitting in the driver's seat; the car was parked at an apartment believed to be his residence; and, as further evidence linking him to the car and explaining his possession, the car was formerly owned by an associate of his known to be in the narcotics trade.

3

**3.** Relying on *Arizona v. Gant*, 556 U.S. 332, 343 (2009), Morgan argues the warrantless search of the Pontiac was unlawful because it was conducted after he was taken into custody, obviating any concern he might destroy evidence. The search of the Pontiac, however, was authorized by *Knights* and the probationary search doctrine, not by the search incident to lawful arrest doctrine. *Arizona v. Gant* therefore does not apply.

**4.** Morgan's contention that he did not unequivocally waive his right to counsel is unpersuasive. Morgan's request to represent himself was conditional to the extent he said he would have preferred substitution of appointed counsel to proceeding pro se. But Morgan was clear and unwavering in informing the court that, if his only other choice was to proceed with existing counsel, he wished to represent himself. The district court did not clearly err in finding the request was unequivocal. *See Adams v. Carroll*, 875 F.2d 1441, 1444-45 (9th Cir. 1989) ("[The defendant] made his preference clear from the start: He wanted to represent himself if the only alternative was representation by [existing counsel]. . . . While his requests no doubt were *conditional*, they were not equivocal."); *see also United States v. Hernandez*, 203 F.3d 614, 621-22 (9th Cir. 2000) ("The fact that [the defendant's] request may have been conditional – that is, the fact that he requested to represent himself only because the court was unwilling to grant his request for

4

new counsel – is not evidence that the request was equivocal."), *abrogated on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008), *as recognized in United States v. Ferguson*, 560 F.3d 1060 (9th Cir. 2009); *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Cir. 2009) ("A district court's finding that a defendant's waiver is equivocal is a finding of fact reviewed for clear error."). Nor was Morgan's request "an impulsive response to the trial court's denial of his request for substitute counsel." *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir. 1990).

**AFFIRMED.**