**Fred A. HAMILTON, Appellant,**

v.

**Michael GROOSE, Appellee.**

**No. 93–2700.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1994.

Decided July 6, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 24, 1994.

Curtis Blood, Collinsville, IL, argued, for appellant.

Stephen Hawke, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon and Stephen D. Hawke, on the brief), for appellee.

Before BOWMAN, HANSEN, and MORRIS S. ARNOLD, Circuit Judges.

BOWMAN, Circuit Judge.

Fred A. Hamilton appeals the District Court's[1] denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We affirm.

## I.

In 1985, Hamilton abducted a seventeen-year-old girl as she walked to school and raped her five times. In 1987, a jury heard the state's evidence of Hamilton's conduct and convicted him of five counts of rape and one count of kidnapping. Hamilton, as a prior and persistent sexual offender, was sentenced to serve 165 years in prison (30 years for each rape, 15 years for the kidnapping).

Hamilton appealed to the Missouri Court of Appeals. While his appeal was pending, he also sought postconviction relief pursuant to Missouri Supreme Court Rule 29.15. The motion court held an evidentiary hearing, then denied Hamilton's Rule 29.15 motion. Hamilton's direct appeal and his appeal from the denial of Rule 29.15 relief were consolidated, and the Missouri Court of Appeals affirmed his convictions and sentence and the denial of postconviction relief. *State v. Hamilton*, 791 S.W.2d 789 (Mo.Ct.App.1990).

Next, Hamilton filed in the District Court a petition for a writ of habeas corpus. Hamilton alleged in his petition fourteen grounds for relief. The District Court found he was not entitled to federal habeas relief on any of these grounds. Only one ground, that he was denied his Sixth Amendment right to represent himself, is renewed on appeal in the brief filed by Hamilton's appointed counsel. We affirm.[2]

## II.

Having succeeded in having an earlier public defender removed from his case, Hamilton was to be represented at trial by public defender Jeff Childress. Prior to trial, Hamilton filed a motion to have Childress relieved of his responsibilities and replaced by still another appointed counsel.

The trial judge engaged in a lengthy discussion with Hamilton regarding his motion:

The Court: All right. We are going to take these [motions made by Hamilton without Childress's assistance] up in some logical sequence. Your first one is this filed in proceeding Forma Pauperis. Do you understand where you are at now in this proceeding?

Hamilton: Yes, Your Honor. What I was doing then was trying to get Mr. Childress removed from my case because of several errors.

The Court: Can you speak a little louder?

Hamilton: In the event that I could not be appointed another counsel to represent me, I would like to proceed in the forma

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

2. Hamilton has raised several other issues in his supplemental pro se brief. These issues arc entirely without merit and do not warrant discussion.

pauperis instead of having Mr. Childress represent me.

. . . .

The Court: Let me ask you this, I am not trying to confuse you. I am trying to enlighten myself. Let me see if I follow this.

I think what you are saying in this one motion was that you wanted to proceed as a poor person. You know you are so proceeding?

Hamilton: Yes, sir.

The Court: But what you really intend to tell the Court is you want it to permit yourself to go ahead and represent yourself if you didn't get another counsel?

Hamilton: If I could not be appointed an effective assistance of counsel, I would like to proceed with the assistance of a different counsel or pro se.

. . . .

The Court: The question is you feel you don't have adequate counsel and you want somebody else either to represent you or if no one else is appointed to represent yourself? Do I understand you clearly?

Hamilton: Well, I would appreciate if the Court would give me some assistance as far as appointing me some type of counsel or—

. . . .

The Court: All right. Let me ask you, how serious are you about wanting to represent yourself?

Hamilton: I am not very serious about wanting to represent myself, but I will do that instead of having—with all respect to Mr. Childress—instead of having his assistance. I would rather represent myself.

Transcript on Appeal at 5–7, 8–10, 18.

Later in the same colloquy, the trial judge explained to Hamilton the difficulties involved with and the consequences of representing himself and then again asked him whether he wanted to represent himself. Hamilton responded, "I would be willing to, sir. I am not asking to proceed pro se totally. First, I am asking for another counsel." *Id.* at 21.

After a recess, the parties resumed discussions of Hamilton's motion:

The Court: We are talking about some very serious charges. The disadvantages, of course, of representing yourself have to be underscored in that, tactically, through the whole process, you are going to have to be mindful of what the State's doing.

You are going to have to be able to make objections appropriately at times to limit, maybe, the scope and flow of evidence, and there is a greater pitfall for you and greater danger—

Hamilton: Your Honor, I state, again, that my first request was to have an effective counsel or to assist me in this and in the event I couldn't have one that would assist me in lieu of using Mr. Childress, I would rather go pro se totally without his assistance at·all because there is no way I could respect or even take into consideration any information or advice he ever gives me.

*Id.* at 37–38.

After reviewing this record, the Missouri Court of Appeals concluded that Hamilton "did not really wish to proceed pro se; he merely did not wish to proceed with his particular appointed counsel." *Hamilton,* 791 S.W.2d at 796. Based on this finding, the court concluded that Hamilton had not made "an unequivocal request for self-representation." *Id.* The District Court similarly concluded that Hamilton had not unequivocally attempted to invoke the right to represent himself.

### III.

 The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to represent himself. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To invoke his right to represent himself, a defendant must knowingly, intelligently, voluntarily, and unequivocally waive his right to counsel and state his intention to represent himself. *See Reese v. Nix,* 942 F.2d 1276, 1280–81 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1220, 117 L.Ed.2d 457 (1992); *Meyer v. Sargent,* 854 F.2d 1110, 1114 (8th Cir.1988).

Furthermore, a defendant may not manipulate this right in order to delay or disrupt his trial. *Id.* at 1113.

Hamilton claims the trial court denied him his Sixth Amendment right to represent himself. As noted by the District Court, the Missouri Court of Appeals made the factual finding that Hamilton's request to represent himself was equivocal. Our task on this appeal thus is to determine whether the Missouri Court of Appeals's factual finding is "fairly supported by the record." 28 U.S.C. § 2254(d)(8). If it is, we will presume in accordance with § 2254 that the state court's factual finding is correct. *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

After reviewing the record, we conclude that it fairly supports the Missouri Court of Appeals's factual finding that Hamilton failed to invoke his right to represent himself in an unequivocal manner. First and foremost, of course, is Hamilton's language—he told the trial judge that he was "not very serious about wanting to represent [himself]" and that he was "not asking to proceed pro se totally." Plainly, what Hamilton wanted was yet another public defender, rather than to represent himself.

Furthermore, the circumstances suggest that Hamilton moved to relieve Childress of his duties in order to delay the trial. Hamilton waited to file his motion until only three weeks remained before the scheduled trial date, and the trial court, the state, and Childress all were prepared to begin. Although Hamilton already had waited several months for his trial to begin, he stated that he was not prepared for the trial and wanted a continuance to ready his defense. Hamilton's apparent motive to delay, when combined with his ambiguous language, supports the trial judge's conclusion that Hamilton was not unequivocally invoking his right to represent himself.[3]

Hamilton argues that his waiver of counsel was conditional, rather than equivocal. It is true that a defendant may make a conditional waiver of his right to counsel. *See Adams v. Carroll,* 875 F.2d 1441, 1445 (9th Cir.1989); *Johnstone v. Kelly,* 808 F.2d 214, 216 n. 2 (2d Cir.1986), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987). In *Adams* and *Johnstone,* however, as well as in the other cases Hamilton cites, the requests were *both* conditional *and* unequivocal. Regardless of whether Hamilton's request was conditional, it also was equivocal. His argument therefore fails.

A criminal defendant's motion to represent himself involves two mutually exclusive constitutional rights: the right to be represented by an attorney, and the right *not* to be represented by an attorney. A court must "indulge in every reasonable presumption against [a defendant's] waiver" of his right to counsel, *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977), and require the defendant to make a knowing, intelligent, voluntary, and unequivocal request before concluding that he has waived his right to counsel and invoked his right to represent himself. The equivocal way in which Hamilton made his motion to represent himself (see the portions of the transcript quoted above) would provide the basis for a colorable Sixth Amendment claim regardless of how the trial judge had ruled. Had Hamilton been found guilty after the trial judge allowed him to proceed pro se, Hamilton undoubtedly would have sought to overturn his conviction by arguing that he

---

**3.** The trial judge rightly was concerned with the pitfalls that would confront Hamilton, who had only a ninth-grade education and little familiarity with the law, were he to represent himself. Accordingly, as a trial judge should when a defendant requests to represent himself, *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), the trial judge advised Hamilton of the risks of self-representation. We note that the trial judge, in denying Hamilton's motion, expressed his concerns about Hamilton's ability to represent himself. A denial of a defendant's motion to represent himself, were the denial based on the trial judge's opinion that the defendant would represent himself poorly, would be error, for a defendant's ability to represent himself is irrelevant when he unequivocally states his desire to waive his right to counsel. *See Godinez v. Moran,* — U.S. —, —, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993) (discussing *Faretta,* 422 U.S. at 834–36, 95 S.Ct. at 2540–42). But because we are satisfied the state court record fairly supports the finding that Hamilton did not unequivocally invoke his right to represent himself, we need not consider this issue further.

was denied his Sixth Amendment right to counsel because his waiver of the right was equivocal and "not very serious." *See, e.g., Carey v. Minnesota,* 767 F.2d 440, 441 (8th Cir.) (per curiam) (defendant was allowed to represent himself because, when asked whether he wanted to do so, he responded "No. I don't. I want a different attorney. But since I can't have one I'll conduct my own defense, yes."), *cert. denied,* 474 U.S. 1010, 106 S.Ct. 536, 88 L.Ed.2d 467 (1985). The probability that a defendant will appeal either decision of the trial judge underscores the importance of requiring a defendant who wishes to waive his right to counsel to do so explicitly and unequivocally. Here, Hamilton's asserted waiver of his right to counsel was far from explicit and unequivocal, and his Sixth Amendment right to represent himself was not denied.

## IV.

We thank Curtis L. Blood, the appointed counsel for Hamilton in this appeal, for his able efforts. For the reasons stated above, we affirm the District Court's denial of Hamilton's petition for a writ of habeas corpus.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

Because I think that the record shows that petitioner's waiver of counsel was not equivocal but conditional, *see, e.g., Adams v. Carroll,* 875 F.2d 1441 (9th Cir.1989), I respectfully dissent. Petitioner's statement that he "was not very serious about wanting to represent himself" was, in the context, quite plainly his way of saying that that was not his first choice. His first choice was the appointment of other counsel. The same is true of his assertion that he was "not asking to proceed pro se totally." Assuming, for the sake of argument, that the question of whether petitioner's assertions were equivocal is a question of fact, I would hold that the state court's finding was not fairly supported by the record.