NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0322n.06

Case No. 12-1956

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Apr 24, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| FREDERICK LAWRENCE | ) | MICHIGAN |
| CUNNINGHAM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | | |

Before: MERRITT, BOGGS, and STRANCH, Circuit Judges.

**MERRITT, Circuit Judge.** A jury convicted Frederick Cunningham of assaulting a federal officer, in violation of 18 U.S.C. § 111(a). Additionally, the jury found that Cunningham had touched the federal officer during the crime, making Cunningham's crime a felony punishable up by to eight years in prison. The court below sentenced Cunningham to four years in prison and three years of supervised release, to run consecutively to a separate sentence Cunningham received in Michigan state courts. Cunningham appeals, arguing that the district court erred in (1) denying his request to represent himself after trial began, and (2) refusing to run his sentence concurrently rather than consecutively to the state sentence. We affirm.

## I. Background

Frederick Cunningham had a warrant out for his arrest. A task force of United States Marshals and local police sprang a trap on Cunningham as he arrived for an appointment at his doctor's office. Having parked nose-first, Cunningham backed his car out of a parking space while Deputy Marshal Efthemiou and another officer approached, shouting "Stop, police" and brandishing their weapons. As Cunningham finished backing up, Efthemiou and the other officer jumped in front of Cunningham's car to block his exit, still brandishing and admonishing. Cunningham accelerated through the officers, causing Efthemiou to roll over the hood of the car. After a vehicular chase and then a foot chase, the task force apprehended Cunningham. Efthemiou did not sustain serious injuries and did not see a doctor about the incident.

Cunningham's defense at trial was that he never intended to assault Efthemiou and thus did not have the intent necessary to commit the crime proscribed by 18 U.S.C. § 111(a). Indeed, Efthemiou ultimately testified that Cunningham did not intend to run him down or injure him. However, on the second day of trial, Cunningham formally asked the court to proceed *pro se*. Cunningham disagreed with his appointed trial counsel's direction of the defense—Cunningham wanted to argue that he never hit Marshal Efthemiou at all and that inconsistencies between various written reports of the incident could be used to impeach Efthemiou and the government's witnesses.

Judge Quist denied Cunningham's request to represent himself as untimely. The court found that allowing Cunningham to represent himself after having empaneled the jury and having heard two witnesses would be "very disruptive to this trial," especially since the reports Cunningham wanted to use in his defense were probably inadmissible. To assuage Cunningham's concerns, Judge Quist ultimately admitted some of the requested evidence despite

it being "all hearsay."[1]  Once the court admitted the requested evidence, Cunningham rested his case without further objection.  The jury found Cunningham guilty.

Judge Quist sentenced Cunningham to 48 months of imprisonment, and Cunningham requested that his federal sentence run concurrently to a separate sentence under Michigan state law.  Cunningham had been sentenced to one to four years in Michigan prisons on June 3, 2011.  By the time Judge Quist sentenced Cunningham on July 24, 2012, Cunningham had served his minimum time under the state conviction but had not been released.  Judge Quist denied Cunningham's request and ran the federal sentence consecutively to the state sentence, reasoning that "separate crimes deserve separate punishments, especially from separate jurisdictions."

Cunningham had further disagreements with his counsel during the course of this appeal.  His trial counsel withdrew, and this court appointed appellate counsel.  Cunningham submitted his first brief with counsel, making three substantive arguments.  The first argument covers two points in his brief, both concerning the intent necessary to convict under section 111(a).  Cunningham argues that there was insufficient evidence of Cunningham's intent to assault Efthemiou to convict under section 111(a), and alternatively, that the jury instructions were erroneous because they allowed the jury to convict under section 111(a) without considering Cunningham's lack of intent.  Second, Cunningham argues that the district court erred in denying his request to represent himself.  Finally, Cunningham argues that the district court erred in running his sentence consecutively rather than concurrently.

At Cunningham's request, his appellate counsel withdrew and Cunningham proceeded *pro se* for a short time.  Cunningham then requested this court to appoint counsel prior to argument, which we did.  At oral argument, Cunningham's counsel focused on the trial court's

---

[1] Neither party challenges the admission of this evidence on appeal.

error in denying Cunningham's request to represent himself at trial, largely to the exclusion of his other arguments—especially his arguments regarding the intent required under section 111(a). Cunningham's new appellate counsel in effect withdrew the intent argument from the panel's consideration, stating that an *en banc* proceeding would be necessary for the defendant to win on the issue of intent. We reject Cunningham's arguments and affirm.

## II. Discussion

We address Cunningham's arguments in turn.

### A. Denial of Request to Represent Self

The Supreme Court in *Faretta v. California* acknowledged that criminal defendants have a Sixth Amendment right to represent themselves, 422 U.S. 806, 818 (1975), but "[a]s the *Faretta* opinion recognized, the right to self-representation is not absolute. The defendant must voluntarily and intelligently elect to conduct his own defense, and most courts require him to do so in a timely manner." *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 161-62 (2000) (citing *Faretta*, 422 U.S. at 835) (internal citation and quotation marks omitted). This court is one of those courts that has qualified the right to self-representation. It requires a defendant to assert the right to self-representation in a timely manner. *See, e.g.*, *Robard v. Rees*, 789 F.2d 379, 383-84 (6th Cir. 1986). Likewise, a defendant must invoke the right to represent oneself clearly and unequivocally. *United States v. Martin*, 25 F.3d 293, 295 (6th Cir. 1994).

The timeliness determination is multifaceted. Courts consider not only the actual timing of the defendant's request, but also any threat posed to the orderly progression and integrity of the trial by a defendant's dilatory intent or lack of experience with the rules and procedures of the court. *See Robard*, 789 F.2d at 383. No one factor is required to justify denial, and a court

can grant the request even where all factors are present. *See United States v. Washington*, 596 F.3d 926, 940 (8th Cir. 2010) ("despite [defendant's] admission that his self-representation request was both untimely and for an improper purpose, neither concession serves as a basis for reversing the district court's decision to grant his request."). Cases show that there is no clear bright line for determining when a request is timely, either in this Circuit or others.[2] And a defendant's lack of legal knowledge is not sufficient to justify denial absent other circumstances. *See Robard*, 789 F.2d at 383. Rather, the law requires a holistic assessment based on the facts and circumstances of the particular case, placing the trial judge in a unique position to balance the defendant's Sixth Amendment right against delay, defense gamesmanship, and other practical concerns. As such, we review a trial judge's finding that a defendant's request to represent himself is untimely for an unreasonable exercise of discretion. *Id.*

Cunningham contends that the district court erred in denying his request to represent himself without engaging in a *McDowell* inquiry. In *McDowell*, this court found that a trial judge should engage in a line of specific questioning to ensure that a defendant's choice to conduct his own defense (and thereby waive his right to counsel) is sufficiently voluntary and intelligent. *United States v. McDowell*, 814 F.2d 245, 248-250 (6th Cir. 1987). Cunningham

---

[2] For examples of this Circuit's practice, *see United States v. Conteh,* 234 F. App'x 374, 381 (6th Cir. 2007) (unpublished) (untimely the day after trial began); *Lewis v. Robinson*, 67 F. App'x 914, 919-20 (6th Cir. 2003) (unpublished) (untimely before jury selected because request was "merely a tactic to secure a delay in the proceeding.") (*quoting Robards*, 789 F.2d at 383); *United States v. Pleasant*, 12 F. App'x 262, 266-67 (6th Cir. 2001) (unpublished) (per curiam) (untimely both before jury was selected and after trial began). For examples in other circuits, compare *United States v. Betancourt-Arretuche*, 933 F.2d 89, 95-96 (1st Cir. 1991) (untimely after jury sworn in) with *United States v. Majors*, 328 F.3d 791, 794 (5th Cir. 2003) (each of three requests untimely, before trial, during trial, and before closing arguments), *Hamilton v. Groose*, 28 F.3d 859, 862 (8th Cir. 1994) (untimely because defendant "waited to file his motion until only three weeks remained before scheduled trial date," which showed an "apparent motive to delay."), *Buhl v. Cooksey*, 233 F.3d 783, 794-99 (3d Cir. 2000) (timely because original request made "several weeks before his trial was scheduled to begin."), and *Williams v. Bartlett*, 44 F.3d 95, 99 (2d Cir. 1994) (always timely if invoked before trial).

argues that a district judge must engage in the *McDowell* colloquy every time a defendant requests to represent herself, even when the request is untimely.

We disagree. A defendant may only represent himself where the request is both timely and voluntary. *Martinez*, 528 U.S. at 162. Where the request is not timely, the district court need not first determine whether the request was voluntary in order to deny the request. *Robard*, 789 F.2d at 385; *Martin*, 25 F.3d at 295 ("Even where the right to self-representation is clearly invoked, it must be done so in a timely manner . . . ."). As such, we find no need to determine whether Judge Quist engaged in a *McDowell* inquiry or its substantial equivalent.

Cunningham also argues that the district court erred in finding his request untimely, specifically arguing that the district court relied on two incorrect assumptions: that all requests after a jury has been empaneled are *per se* untimely, and that a lack of legal expertise alone is sufficient to deny a defendant's request. We disagree; Cunningham accurately states the law but misconstrues Judge Quist's analysis. Judge Quist's explicit ruling, in relevant part, was as follows:

> Mr. Cunningham has a constitutional right to represent himself, but that has to be said on a timely basis. Asserting it after the jury is impaneled and after we've already heard two important witnesses I think it is not asserted on a timely basis. . . . These motions have to be made on a timely basis. I think it would be very disruptive to this trial to switch from counsel's representation to Mr. Cunningham representing himself at this point in time. He doesn't know the Rule [*sic*] of Evidence. For example, the letter that he sent to me that I've already referenced doesn't show any basis for admissibility of the evidence. He has a competent counsel who is doing her best to defend the case under the circumstances. . . . We are going to proceed as we were.

Although Judge Quist considered Cunningham's inexperience with the Rules of Evidence, he also explicitly considered issues of timeliness and disruption of the trial. Likewise, the judge's ruling does not suggest that he applied a bright-line rule, but instead found the request untimely

given the specific circumstances and demands of his case. We find that the district court did not

abuse its discretion in finding that Cunningham's request to represent himself was untimely.

## B. Intent Under Section 111(a)

Cunningham's theory at trial was that he never intended to hit Efthemiou with his car and

thus was not guilty of the felony provision of section 111(a) because he never intended to touch

the officer during the course of the assaultive action. Cunningham's intent was in question at

trial, and as noted above, the victim himself testified that Cunningham did not intend to run him

down or injure him with the car. It is not entirely clear from the text of section 111(a) what kind

of intent regarding "physical contact" a defendant must have for his crime to constitute a felony

rather than a misdemeanor. Section 111(a) in relevant part reads:

> (a) In General.— Whoever—
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where <u>such acts involve physical contact with the victim of that assault</u> or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a) (2012) (emphasis added).

When asked at oral argument before this court about the required level of intent

concerning "physical contact," counsel for defendant responded that two previous Sixth Circuit

cases[3] foreclosed a decision in defendant's favor here so that "I think the only way to address

---

[3]*United States v. Gagnon*, 553 F.3d 1021 (6th Cir. 2008) (finding that section 111(a) uses "'simple assault' as a term of art to incorporate" the other acts into the penalty provisions); *United States v. Kimes*, 246 F.3d 800 (6th Cir. 2001) (finding that section 111(a) is a general intent crime, where intent "may be inferred from the doing of the act" and does not require "a showing of 'bad purpose'" to convict.).

that issue is going to be on *en banc*." He declined to argue in favor of the position that other counsel took in the court below and in the appellate brief. In light of defense counsel's statement and opinion that the two previous Sixth Circuit cases require a decision against his client, unless an *en* banc decision reverses them, we decline to further consider here the issue of the intent required for "physical contact."[4]

### C. Imposing Sentence Consecutively

"[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider . . . the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). "When deciding to impose consecutive sentences . . . a district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012). "What the district court may not do is say nothing at all." *Id.* We review the district court's decision to impose a consecutive sentence for an abuse of discretion. *United States v. Johnson*, 640 F.3d 195, 208-09 (6th Cir. 2011).

Cunningham argues that the sentencing judge erred in imposing his federal sentence consecutively because the court did not consider some facts surrounding the state sentence or the

---

[4] There was lengthy discussion of the issue at oral argument, but the gist of counsel's position can be distilled from this exchange:

> CUNNINGHAM'S COUNSEL: . . . I think the only way to address that issue is going to have to be on *en banc*, because, even though the statute . . .
>
> JUDGE MERRITT: So you are waiving that issue?
>
> CUNNINGHAM'S COUNSEL: I'm not waiving it at all, I just think that—I know that one panel can't overturn another panel on a published case.

amount of prison time and parole time Cunningham would ultimately serve. We disagree. Judge Quist explicitly considered the section 3553(a) factors on the record. Likewise, the judge explicitly stated his rationale for running Defendant's sentence consecutively: "separate crimes deserve separate punishments, especially from separate jurisdictions." Additionally, the court considered on record the type of state crime, the indeterminate nature of Defendant's state sentence, and the context provided by Defendant's history of drug problems. While Judge Quist may not have explicitly mentioned every fact Cunningham lists in his brief, the trial court adequately considered the section 3553(a) factors and indicated its rationale as supported by relevant considerations. As such, we find that Judge Quist did not abuse his discretion in running Defendant's sentence consecutive to his state sentence.

### III. Conclusion

Accordingly, the judgment of the district court is **AFFIRMED**.