# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3573

———————————————

United States of America

*Plaintiff - Appellee*

v.

Brian Lamont Sweeney

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted: May 11, 2015
Filed: May 29, 2015
[Unpublished]

——————————

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

——————————

PER CURIAM.

A jury convicted Brian Sweeney of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He appeals, arguing the district court[1] deprived him of his Sixth Amendment right to represent himself. He also argues his trial involved

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

a violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).  Finally he presents for plain-error review a Sixth Amendment speedy trial claim.  We affirm.

## I.

On October 14, 2013, an officer stopped Sweeney for a traffic violation.  The officer smelled marijuana and learned Sweeney was on probation.  Eventually, the officer searched Sweeney's car and discovered a loaded pistol, drugs, and drug paraphernalia.  The officer arrested Sweeney on several state firearm and drug charges, and federal charges followed.

The district court appointed counsel to represent Sweeney, but Sweeney and his attorney disagreed as to the potential merits of a suppression motion.  As a result, Sweeney filed a *pro se* suppression motion.  Sweeney did not file a supporting memorandum, and on March 6, the district court summarily denied the motion.

Then, twelve days prior to an initially scheduled trial date, Sweeney filed a motion to represent himself.  At a March 10, 2014 hearing on the motion to represent himself, Sweeney made several conflicting statements.  He told the court he wanted to represent himself.  He also repeatedly told the court he was not capable of representing himself.  Further, he stated he would "rather get a mistrial" than accept new counsel.

In a March 11 order, the district court indicated that it believed Sweeney's equivocal statements reflected a desire to create error rather than a firm assertion of a desire to represent himself.  The court concluded its order stating it would appoint substitute counsel, provide an opportunity to file a suppression motion, and hold a hearing on the suppression motion.  In a second order issued that same day, the court vacated its earlier denial of Sweeney's *pro se* suppression motion.

At an April 11 hearing on the suppression motion, Sweeney expressed dissatisfaction with replacement counsel and renewed his request to represent himself. Again, however, his request was equivocal. Sweeney stated, "I don't want to represent myself," and later at the same hearing stated, "I don't want no attorney." The court allowed Sweeney to control his own case at the hearing, and counsel served in a hybrid or standby capacity. Then, in an April 23 order, the district court granted Sweeney's request to represent himself at trial. The court, however, appointed a different substitute attorney to serve as standby counsel at trial.

Trial took place on June 18 and 19. Sweeney initially represented himself by questioning witnesses and presenting arguments. Before trial ended, however, he allowed standby counsel to take over completely. The jury convicted Sweeney, and Sweeney appeals.

## II.

The Sixth Amendment provides a right to counsel and a right to self-representation. Faretta v. California, 422 U.S. 806, 807 (1975). We have recognized the difficulty district courts face in fulfilling their duty to safeguard both of these potentially conflicting rights. See Hamilton v. Groose, 28 F.3d 859, 862–63 (8th Cir. 1994) ("The probability that a defendant will appeal either decision of the trial judge underscores the importance of requiring a defendant who wishes to waive his right to counsel to do so explicitly and unequivocally."). The Supreme Court and our court, therefore, condition the right of self-representation on an unequivocal request, and district courts must ensure a defendant is voluntarily and knowingly waiving his right to counsel. See Brewer v. Williams, 430 U.S. 387, 403–04 (1977); United States v. Kelley, 774 F.3d 434, 441 (8th Cir. 2014).

Here, Sweeney made no unequivocal request, and the district court—as required by the Supreme Court—"indulge[d] in every reasonable presumption against"

Sweeney's waiver of the right to counsel. <u>Brewer</u>, 430 U.S. at 404. Sweeney moved to represent himself but told the district court repeatedly at the hearing on his motion that he was incapable of representing himself. He raised the issue of self-representation out of dissatisfaction with appointed counsel, referenced a desire to obtain a mistrial, and referenced his belief that if he resisted appointment of substitute counsel he would win on appeal. It was reasonable for the court to view these conflicting statements as an equivocal request, and potentially, an attempt to create error for appeal. Our review of the transcript from the March 10 hearing demonstrates clearly that the district court committed no error when it interpreted Sweeney's position as equivocal.

We need not address in detail Sweeney's statutory or constitutional speedy trial claims. His arguments as to both types of speedy trial claims rest on the underlying assertion that the district court erred in forcing counsel upon him and thereby prolonged pretrial proceedings by taking control away from Sweeney and vesting it with counsel. Because the district court committed no error in its patient handling of Sweeney's conflicting and equivocal assertion of *pro se* rights, his speedy trial claims necessarily fail.

We affirm the judgment of the district court.

_____